977 So.2d 707 (2008)
S.E.G. and K.M.C., Parents of S.E.G., etc., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-567.
District Court of Appeal of Florida, Fifth District.
March 24, 2008.
*708 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A, Orlando, for Appellant Mother, K.M.C.
Timothy A. Straus of Moyer, Straus & Patel, PA, Altamonte Springs, for Appellant Father, S.E.G.
Kelly A. Swartz, Orlando, for Appellee.
Christi R. Adams and John R. Hamilton of Foley & Lardner LLP, Orlando, Guardian Ad Litem.
PER CURIAM.
In this parental termination case, Appellants, the child's mother and father, assert numerous points on appeal, only one of which merits discussion: whether Appellee's failure to prove which parent injured the child precludes the termination of either parent's parental rights. We answer the question in the negative and affirm.
At the time the four-month-old child was removed from Appellants' care, almost all of the child's ribs were fractured, he had a fractured leg, a fractured arm, and a hematoma on his head. Medical evidence proved that the injuries resulted from multiple episodes of abuse. Appellants, who were the child's sole caretakers at all relevant times, had no credible explanation for the child's injuries. For example, they suggested that the wrist fracture had been inflicted during a hospital visit when nurses inserted an I.V. into the child's arm. As to the hematoma, according to the mother, the child simply awoke one morning with a bump on his head that had not been there the night before. Neither parent could explain how the child incurred the rib fractures. Evidence was adduced that the child exhibited frequent bruising and manifestations of pain, such as irritability, fussiness and difficulty sleeping.
Under these facts, we agree that the trial court could terminate the parental rights of both parents, even though Appellee failed to prove which parent had actually caused the injuries. In re K.A., 880 So.2d 705, 708 (Fla. 2d DCA 2004).
AFFIRMED.
ORFINGER, TORPY and LAWSON, JJ, concur.